# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-25-00091-CR

---

Jeremy J. Robert,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
54th District Court of McLennan County, Texas
Judge Susan N. Kelly, presiding
Trial Court Cause No. 2019-2249-C2

---

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Jeremy J. Robert was convicted of the offense of continuous sexual abuse of a young child and sentenced to 25 years in prison. Because the trial court did not err in excluding evidence proposed by Robert, we affirm the trial court's judgment.

In May of 2019, at the end of the school year, G.D., Robert's step-daughter, made an outcry of continuous sexual abuse against Robert after G.D.

had called Robert on a friend's cell phone to ask what they would be having for dinner. Robert became angry with G.D. and said he would beat her "ass" because she was using a cellphone in school, which she was not permitted to do. In his sole issue on appeal, Robert complains that the trial court erred in preventing him from presenting evidence that G.D. had also made an outcry of prior sexual assaults by G.D.'s "grandfather," Robert's father, in an effort to get out of trouble for possessing a cell phone at her aunt's house, which G.D. was also not allowed to have. Robert's defensive theory was that each time G.D. was in trouble, she would lie about being sexually assaulted.

Immediately prior to trial, the State asked the trial court to determine the admissibility of a potential line of questioning by Robert regarding G.D.'s outcry of prior sexual abuse by her grandfather. The trial court sustained the State's objection to the introduction of that type of evidence but allowed Robert to make a bill of exception. Robert questioned G.D. outside the presence of the jury about her outcry against her grandfather. Other witnesses throughout the trial were also questioned outside the presence of the jury. On the last day of the trial, the defense again requested permission to ask G.D. about her outcry against her grandfather. The trial court denied the request.

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion, and there is no abuse of discretion if the trial court's ruling

is within the zone of reasonable disagreement. *Davis v. State*, No. AP-77,106, 2026 Tex. Crim. App. LEXIS 194, at *26 (Crim. App. Mar. 12, 2026) (publish). Further, if the trial court's ruling is correct on any applicable theory of law, it will not be disturbed. *Id.*

On appeal, Robert contends the Confrontation Clause of the Sixth Amendment and Rule 613(b) of the Texas Rules of Evidence permit the admission of G.D.'s outcry of prior sexual abuse. Robert sought admission of the evidence pursuant to the Confrontation Clause but did not seek admission of the evidence pursuant to Rule 613(b). Thus, any assertion of admission through Rule 613 is waived and will not be discussed. *See White v. State*, 549 S.W.3d 146, 152 (Tex. Crim. App. 2018) ("The proponent of the evidence must identify to the trial court the basis of admissibility for the proffered evidence."); *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial.").

Evidence of false prior accusations may be admissible pursuant to the Confrontation Clause to show a victim's motive or bias against a defendant. *See Hammer v. State*, 296 S.W.3d 555, 565 (Tex. Crim. App. 2009); *Lopez v. State*, 18 S.W.3d 220, 225 (Tex. Crim. App. 2000). However, there must be a showing that such evidence is probative. *Lopez,* 18 S.W.3d at 223, 225; *Lempar*

*v. State*, 191 S.W.3d 230, 239 (Tex. App.—San Antonio 2005, pet. ref'd).  To be considered probative, there must be proof that the prior accusations were false and were similar to the accusations in the case being tried.  *Lopez*, 18 S.W.3d at 223, 225-226; *Lempar*, 191 S.W.3d at 239.

There was no evidence in this record that G.D.'s accusation against her grandfather was false.  G.D. testified outside the presence of the jury that her grandfather began sexually assaulting her when she was young.  The sexual assaults stopped when her "grandmother" changed jobs and was home at night.  G.D. testified the assaults occurred before Robert began sexually assaulting her.  There was no evidence to the contrary.

Robert contends, however, there was a good faith belief that the accusations against the grandfather were false because:  1) G.D. failed to make an outcry against the grandfather earlier; 2) G.D. did not make an outcry against her grandfather at the forensic interview or at the medical exam conducted regarding the allegations made against Robert; 3) the indictment was not returned against the grandfather until three years after the outcry was made and was returned only one month before the original date for Robert's trial; and 4) G.D. allegedly threatened another family member with a report of abuse when another phone was taken away from her.[1]  But a good

---

[1] The State agreed that the jury could hear this evidence.

faith belief of falsity is not the standard to determine whether the evidence is probative in this situation. Proof of falsity is the standard to determine whether the evidence is probative, *see Lopez v. State*, 18 S.W.3d at 226, and there was no proof that the allegations G.D. made against her grandfather were false. Thus, the evidence of G.D.'s outcry of prior sexual assaults by her grandfather was not probative.[2]

Because the evidence was not probative, the Confrontation Clause does not demand its admissibility. *See id.* Consequently, we conclude the trial court did not abuse its discretion by excluding the requested evidence of G.D.'s outcry of prior sexual abuse by her grandfather, and Robert's sole issue is overruled.



LEE HARRIS
Justice

OPINION DELIVERED and FILED: July 16, 2026

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed
Do Not Publish
CRPM

---

[2] Because Robert failed to meet the first prong for evidence to be considered probative, we need not discuss the second prong, whether the accusations against the grandfather were the same as those made against Robert.